ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT

2001 MAY 31  P 1: 11

L. Jlbrdew

| | | |
|---|---|---|
| FATEEN MAOLUD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 306-091 |
| | ) | |
| JIMMY SIKES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, an inmate at Floyd County Correctional Institution in Rome, Georgia, filed the above-captioned case *pro se* in the Northern District of Georgia. Maolud v. Sikes, 1:06cv1043, doc. no. 1 (N.D. Ga. May 5, 2006). The Honorable Julie E. Carnes, United States District Judge, dismissed Defendants Medical College of Georgia, the Georgia Department of Corrections, and Commissioner James E. Donald and transferred the complaint to this District on October 25, 2006, because the remaining Defendants reside, and the alleged violations occurred, in this District. (Id., doc no. 5). The matter is now before the Court on a motion to dismiss filed by Defendants Sikes, Pryor, Newsome, and Gramiack. (Doc. no. 11). Plaintiff opposes the motion. (Doc. no. 17). The Court will also consider Plaintiff's failure to properly identify and effect service upon Defendant Doe. For the following reasons, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **GRANTED IN PART**, that Defendants Sikes, Pryor, and Newsome be **DISMISSED**,

and that Defendant Doe be **DISMISSED** without prejudice for failure to timely effect service. Furthermore, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **DENIED IN PART** with regard to the claims against Defendant Gramiack.

## I. DEFENDANTS' MOTION TO DISMISS

### A. BACKGROUND

Plaintiff alleges that in May 2004, dental personnel at Montgomery State Prison (MSP) informed him that he needed fillings in two of his teeth. Maolud, 1:06cv1043, doc. no. 1, p. 4. Thereafter, Plaintiff allegedly made repeated, unavailing requests to MSP personnel for the treatment of his dental needs, all the while experiencing "consistent, daily and ongoing hot [and] cold 'flashes' in [his] mouth each and every time [he] eat[s] or drink[s] anything, severe excruciating lingering pain to [his] mouth and ongoing headaches." Id. at 6. Despite his numerous complaints, and even though he was informed that he needed fillings over a year earlier, he was never provided with such dental care. Id. at 6-7. Therefore, Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs.

Plaintiff states that Defendant Gramiack was responsible for delaying his dental treatment, "actually mocked [him] with conversational harassment, mockery and ridicule," and, when he complained about his dental treatment, warned him about excessive hugging during visitation. Id. at 10-12. Additionally, Plaintiff alleges that Defendant Doe, an unknown MSP medical official, failed to provide "follow up care toward [his] dental necessities." Id. at 8. Plaintiff also alleges that on or about June 15, 2005, he was told by medical personnel that the only immediate solution available for his infected teeth, due to

2

the lack of dental personnel, was extraction. Id. at 17-19. Furthermore, Plaintiff asserts that

Defendant Sikes's failure to provide a sufficient number of medical personnel to provide

proper medical treatment at MSP exposed him, and other inmates, to a serious risk of harm.

Id. at 19-20. Plaintiff seeks, among other things, compensatory and punitive damages against

all Defendants. Id. at 22.

## B. DISCUSSION

### 1. Applicable Legal Standard

A motion under Rule 12(b)(6) challenges the legal sufficiency of the complaint. "In

essence, a movant says, 'Even if everything you allege is true, the law affords you no relief.'"

Johnson v. Fleet Finance, Inc., 785 F. Supp. 1003, 1005 (S.D. Ga. 1992). In deciding a

motion to dismiss under Rule 12(b)(6), all of the non-moving party's allegations must be

presumed true and all reasonable inferences must be construed in the light most favorable

to the non-moving party. Miree v. DeKalb County, Ga., 433 U.S. 25, 27 n.2 (1977); Powell

v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). A complaint should not be dismissed for

failure to state a claim unless it appears beyond a doubt from the face of the complaint that

the plaintiff can prove no set of facts consistent with the allegation that would entitle him or

her to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson,

355 U.S. 41, 45-46 (1957)). While factual allegations in the complaint must be taken as true

when considering a motion to dismiss, there is no requirement that the Court must accept as

true the plaintiff's conclusions of law. Solis-Ramirez v. United States Dep't of Justice, 758

F.2d 1426, 1429 (11th Cir. 1985).

3

## 2. Defendants' Contentions

### a. Defendants Pryor and Newsome

According to the motion to dismiss, Defendants Pryor and Newsome should be dismissed from this action because Plaintiff makes no mention of these two Defendants in his statement of claim. (Doc. no. 12, p. 8). The Court agrees. As Defendants Pryor and Newsome are not mentioned anywhere in the statement of claim, Plaintiff has not set forth any allegations which indicate that his rights were violated by these Defendants. See Marsh v. Butler Co., Ala., 268 F.3d 1014, 1059 (11th Cir. 2001) ("§ 1983 requires a connection between the official's acts or omissions and the plaintiff's injury"). Thus, Plaintiff has failed to state a claim upon which relief may be granted against Defendants Pryor and Newsome.

### b. Defendant Sikes

Defendants also argue that because § 1983 does not allow a claim based upon vicarious liability, Defendant Sikes, the Warden at MSP, should be dismissed from this action.[1] (Id. at 9). "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold a supervisory official or an employer liable, Plaintiff must demonstrate that either (1) the supervisor/employer actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor/employer and the alleged

---

[1]Defendants also assert that Defendant Gramiack should be dismissed from this action based upon this ground. Plaintiff's claim against Defendant Gramiack will be discussed in detail below.

constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

Plaintiff has not alleged that Defendant Sikes actually participated in his medical care or made the decision to delay treatment of Plaintiff's cavities. On this point, the Court notes that "[s]upervisory officials must rely on their subordinate professionals to make competent medical decisions. As long as supervisory officials have no reason to believe that their subordinates are failing to carry out their duties in a competent manner, they should not be held liable for medical decisions over which they have no direct control." Waldrop v. Evans, 681 F. Supp. 840, 851 (M.D. Ga. 1988). Here, the only reason proffered to suppose that Defendant Sikes was even aware of a deficiency in Plaintiff's dental treatment is Defendant Sikes's role as ultimate arbiter of inmate grievances at MSP. However, Defendant Sikes's denial of Plaintiff's grievance is insufficient to support a finding that he was deliberately indifferent to Plaintiff's dental needs.[2]

Plaintiff also fails to allege a "causal connection" between Defendant Sikes and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a Defendant and an

---

[2]Alleging that he appealed the denial of a grievance to Defendant Sikes does not satisfy the burden of putting a supervisor on notice of a widespread problem or otherwise show that the supervisor was directly involved with Plaintiff's dental care. See Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that Commissioner of Department of Corrections could be held liable for damages from any constitutional violation at a facility within his jurisdiction based on receipt of a letter describing allegedly improper prison conditions). Likewise, Plaintiff has no constitutional claim against Defendant Sikes based on any alleged mishandling of the grievance. See Wildberger v. Bracknell, 869 F.2d 1467, 1467-68 (11th Cir. 1989) (*per curiam*) (affirming lower court decision that "violation of the grievance procedure did not rise to the level of a constitutional violation, since there was no entitlement to a grievance procedure under the Federal Constitution").

alleged constitutional violation). The "causal connection" can be established "when a history

of widespread abuse[3] puts the responsible supervisor [or employer] on notice of the need to

correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the

supervisor's [or employer's] improper 'custom or policy . . . result[s] in deliberate

indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman,

940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the

facts support "an inference that the supervisor [or employer] directed the subordinates to act

unlawfully or knew that the subordinates would act unlawfully and failed to stop them from

doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Although Plaintiff

presents "examples" regarding various MSP inmates who allegedly received inadequate

medical care, Plaintiff has proffered no allegations to suggest that this Defendant knew about

any widespread abuse or that he was responsible for a custom or policy which resulted in

deliberate indifference to Plaintiff's dental problems. In sum, Plaintiff has failed to state a

claim upon which relief may be granted against Defendant Sikes.

### c. Defendant Gramiack

The motion to dismiss also asserts that Plaintiff fails to state a claim upon which

relief may be granted based on the alleged deliberate indifference to his dental needs by those

Defendants alleged to have been personally involved in Plaintiff's dental care.[4] "[D]eliberate

---

[3]The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

[4]Although Defendants claim that Defendant Gramiack should be dismissed based upon Plaintiff's allegations that he failed to properly respond to Plaintiff's grievances and

indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (internal quotation omitted). Thus, under the Eighth Amendment, prisoners have a right to receive medical treatment for illness and injuries. See id. at 103-05. To state a viable claim for deliberate indifference a prisoner must allege facts which demonstrate: (1) an objectively serious medical need, and (2) that the defendant acted with deliberate indifference to that need. Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004).

To show that Defendant Gramiack was deliberately indifferent to Plaintiff's needs, Plaintiff must set forth facts which demonstrate that this Defendant: (1) was subjectively aware of a serious risk to Plaintiff's health, and (2) disregarded that risk by (3) following a course of action which constituted "more than mere negligence." Id. In this regard, it should be recognized that the mere fact that a prisoner "may have desired [a] different mode[] of treatment" does not give rise to a claim for deliberate indifference. Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985). "Where a prisoner has received . . . medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments." Id. (citation omitted). Put another way, a mere difference of opinion between prison medical officials and the inmate as to the latter's diagnosis or course of treatment will not support a claim of cruel and unusual punishment. Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991); Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989).

---

failed to properly supervise the medical staff, reasons which, as discussed in Part I(B)(2)(b), are insufficient bases for liability, Plaintiff has also alleged personal involvement by Defendant Gramiack. (See doc. no. 1, pp. 4-6, 11, 18).

The Court also emphasizes that "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (internal quotation and citation omitted). Furthermore, the Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris, 941 F.2d at 1510 (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). Only a showing of deliberate indifference gives rise to a constitutional injury. As the Supreme Court has explained:

> [A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle, 429 U.S. at 105-06.

In the instant case, Defendants allege that Plaintiff has not presented a serious medical need with regard to his tooth decay because he fails to claim that he has been unable to function in any way, that his well being has been harmed, or that he has been medically affected at all by his infirmity. (Doc. no. 12, p. 6). The Court disagrees. As set forth above, Plaintiff alleged that he was experiencing "consistent, daily and ongoing hot [and] cold 'flashes' in [his] mouth each and every time [he] eat[s] or drink[s] anything, severe excruciating lingering pain to [his] mouth and ongoing headaches." Maolud, 1:06cv1043, doc. no. 1, p. 6. Plaintiff's allegations, if true, illustrate a serious condition regarding his dental care, "one that, if left unattended, pos[es] a substantial risk of serious harm," as, due

to the fact that his cavities were never filled, his teeth could abscess and infection could spread throughout his jaw. Farrow, 320 F.3d at 1243 (internal quotations and citations omitted).

With regard to the subjective component of the deliberate indifference standard, Defendants state that Plaintiff was not denied dental treatment because he was put on the list for fillings and was given the option to have his teeth pulled if he was experiencing too much discomfort. (Doc. no. 12, p. 7). However, viewing Plaintiff's alleged symptoms and all reasonable inferences in a light most favorable to Plaintiff, the Court cannot conclude at this early point in the case whether waiting over a year, plus some additional indeterminate period, or attempting to force Plaintiff to accept extraction of the affected teeth, amounts to "the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle, 429 U.S. at 104 (internal quotations and citation omitted).

Plaintiff alleges that he informed Defendant Gramiack, Deputy Warden of Care and Treatment at MSP, that dental personnel at MSP informed him that he required two fillings. Nevertheless, these procedures were not scheduled. Plaintiff alleges that, as a result, he was forced to endure a great deal of discomfort and pain, especially when eating or drinking. In this regard, "a defendant who delays necessary treatment for non-medical reasons may exhibit deliberate indifference." Farrow, 320 F.3d at 1246. Plaintiff alleges that he was denied dental treatment, not because it was not medically necessary, but because of Defendant Gramiack's failure to ensure that MSP had sufficient dental care personnel to properly care for the inmates at MSP. Based upon the foregoing analysis, Plaintiff's Eighth

Amendment claim for deliberate indifference to a serious medical need against Defendant

Gramiack is not subject to dismissal on a Rule 12(b)(6) motion.

### d. Qualified Immunity

Finally, Defendants contend that, even if Plaintiff's claims are not subject to

dismissal based upon their other arguments, they are, nonetheless, entitled to qualified

immunity. (Doc. no. 12, p. 10). State officials, such as Defendant Gramiack, acting within

their discretionary authority are entitled to immunity from suit unless their actions violate a

"clearly established" right "of which a reasonable person would have known." Powell v.

Georgia Dep't of Corr., 114 F.3d 1074, 1077 (11th Cir. 1997) (quoting Harlow v. Fitzgerald,

457 U.S. 800, 818 (1982)). Stated another way, "[a] right is clearly established if, in light

of already-existing law, the unlawfulness of the conduct is apparent, and if a constitutional

rule applies with obvious clarity to give an official fair warning that violating that right is

actionable." Bennett v. Hendrix, 423 F.3d 1247, 1255 (11th Cir. 2005) (internal citations and

quotations omitted). "If reasonable public officials could differ on the lawfulness of a

defendant's actions, the defendant is entitled to qualified immunity." Storck v. City of Coral

Springs, 354 F.3d 1307, 1314 (11th Cir. 2003). Also, the Eleventh Circuit has held: "In this

circuit, the law can be 'clearly established' for qualified immunity purposes only by decision

of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest court of the

state where the case arose." Jenkins by Hall v. Talladega City Bd. of Educ., 115 F.3d 821,

826 n.4 (11th Cir. 1997).

In this case, the motion to dismiss does not dispute the fact that prison officials have

a responsibility to adequately meet the medical needs of Plaintiff. (Doc. no. 12, p. 11).

However, Defendants claim any Defendant which is not subject to dismissal on other grounds is entitled to qualified immunity because the prison officials simply determined that Plaintiff's injury was insufficient to warrant emergency care and offered him "alternate dental care" to resolve the problem. (Id. at 13). Viewing Plaintiff's allegations and all reasonable inferences in a light most favorable to Plaintiff, the Court disagrees. If this argument were accepted, whenever an inmate was diagnosed with cavities, a prison official could simply delay treatment for over a year until the teeth became infected and, once the infection progressed to a point where the discomfort became severe, offer the inmate the option of having his teeth extracted.

At the time of the events in question, the law in this Circuit was clearly established that a lengthy delay in responding to a recognized need for dental treatment, when combined with health complications resulting from the delay in treatment, could violate an actionable right. See Farrow, 320 F.3d at 1235 (holding that an eighteen months delay in providing care for a recognized dental problem, when combined with other health complications resulting from the delayed treatment, constituted inexcusable delay). Plaintiff had a recognized need to have his cavities filled, and he claims to have suffered hot and cold flashes in his mouth, and well as excruciating mouth pain and ongoing headaches as a result of the delay in his treatment. Thus, Defendant Gramiack is not entitled to qualified immunity.

## II. DISMISSAL OF UNSERVED DEFENDANT

Turning next to the issue of Defendant Doe, because Plaintiff is proceeding *pro se*, the Court provided him with some basic instructions regarding the development and progression of his case on November 20, 2006. (Doc. no. 8). In those instructions, the Court

explained that Plaintiff is responsible for serving Defendants and explained how service could be accomplished. (Id. at 1-3). Moreover, the Court specifically informed Plaintiff that under Fed. R. Civ. P. 4(m), he had 120 days to accomplish service. (Id. at 3). However, Plaintiff's complaint was filed on May 1, 2006, and, therefore, the 120-day period had already run before the case was transferred to this Court. Because Plaintiff did not get instructions regarding service in the Northern District of Georgia, the Court granted Plaintiff ninety (90) days from the Court's November 20th Order to effect service. (Id. at 2). However, the 90-day extended period allowed for service elapsed, and nothing in the record indicated that Defendant Doe had been identified or served.

On March 27, 2007, the Court issued an Order directing Plaintiff to show cause why Defendant Doe should not be dismissed from this action without prejudice for Plaintiff's failure to timely identify and effect service on this Defendant. (Doc. no. 18). Presently before the Court is Plaintiff's response to the Court's March 27th Order. (Doc. no. 19). Plaintiff states that he has recently sent interrogatories to Defendants in an attempt to ascertain the identity of Defendant Doe and requests that he be allowed to name this Defendant at the end of the discovery period. Plaintiff does not, however, explain why he was not able to determine the identity of Defendant Doe and effect service within the 90-day extended period provided by the Court.

Under Fed. R. Civ. P. 4(m), the courts have discretion to extend the time for service with no predicate showing of good cause. (Doc. no. 18, p. 2 (citing Henderson v. United States, 517 U.S. 654, 662-63 (1996); Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005)). Moreover, if a plaintiff fails to show good cause for failing

to timely effect service, a court "must still consider whether any other circumstances warrant an extension of time based on the facts of the case." Lepone-Dempsey v. City of Villa Rica, 476 F.3d 1277, 1282 (11th Cir. 2007). Here, as set forth above, because Plaintiff had not been given instructions regarding service of process before this case was transferred to this Court, the Court granted Plaintiff a 90-day extended period within which to effect service. However, despite the Court's repeated instructions regarding service, Plaintiff is no closer to determining an appropriate service address and effecting service upon Defendant Doe than he was when this case was transferred.

The Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant is evading service or if the statute of limitations would bar a refiled action. Horenkamp, 402 F.3d at 1132-33 (citing Advisory Committee Note to 1993 Amendment to Rule 4(m)). Here, Plaintiff has not identified Defendant Doe, so this Defendant is clearly not evading service. Additionally, as the alleged violations underlying Plaintiff's claims were ongoing in the months preceding the filing of this action in May 2006, it does not appear that dismissal of Defendant Doe without prejudice will pose a problem under Georgia's two-year statute of limitations that applies to § 1983 claims. See Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986). As such, Defendant Doe should be dismissed without prejudice for failure to timely effect service.[5]

---

[5]Furthermore, the Court is not inclined to further delay the entry of a scheduling notice in this case by granting Plaintiff an indeterminate period to ascertain the identity of Defendant Doe.

## III. CONCLUSION

Accordingly, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion to dismiss (doc. no. 11) be **GRANTED IN PART**, that Defendants Sikes, Pryor, and Newsome be **DISMISSED**, and that Defendant Doe be **DISMISSED** without prejudice for failure to timely effect service.[6] Furthermore, the Court **REPORTS** and **RECOMMENDS** that the motion to dismiss be **DENIED IN PART** with regard to the claims against Defendant Gramiack.

SO REPORTED AND RECOMMENDED this 31st day of May, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[6]Pursuant to Loc. R. 16.3, Plaintiff will be given a period of sixty (60) days after issue is joined in this action to file a motion to amend or add parties. See Loc. R. 16.3. Should Plaintiff determine the identity of Defendant Doe within this time period, he may file a motion to amend his pleading to add this individual as a Defendant in the case.