IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| FATEEN MAOLUD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 306-091 |
| | ) |
| JIMMY SIKES, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

After a careful, *de novo* review of the file, the Court ADOPTS in part and VACATES in part the Magistrate Judge's Report and Recommendation, to which objections have been filed.

With respect to the claims against Defendants Pryor, Newsome, Gramiac, and Doe the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Defendants' motion to dismiss is **GRANTED** with regard to Defendants Pryor and Newsome. Defendants' motion to dismiss is **DENIED IN PART** with regard to the claims against Defendant Gramiack. Furthermore, Defendant Doe is **DISMISSED** without prejudice for failure to timely effect service and Plaintiff's motion to name Defendant Doe at the end of the discovery period is **DENIED**. (Doc. no. 19).

However, the Court **VACATES** the Report and Recommendations concerning Defendant Sikes, the Warden at Montgomery State Prison. "A motion to dismiss will be denied unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). We disagree with the Report and Recommendation's conclusion that the claims against Defendant Sikes should be dismissed. "The allegations in the complaint must be taken as true for purposes of the motion to dismiss. In the case of a pro se action, moreover, the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." Id. (internal citation omitted).

In this case, Plaintiff Maolud does not contend Defendant Sikes personally participated in the alleged constitutional violation. Rather, he contends that as a result of Defendant Warden Sike's failure to staff a permanent dentist on-site, Defendant Sikes is subjecting Plaintiff to a substantial risk of continued injury. Supervisory liability under Section 1983 can be established "when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999). "In addition, the causal connection may be established and supervisory liability imposed where the supervisor's improper custom or policy . . . result[s] in deliberate indifference to constitutional rights." Id. (internal citation omitted). According to the facts alleged by Plaintiff

against Defendant Sikes, we find that Plaintiff has met the pleading standards at this early stage of the litigation and may proceed with his claims against Defendant Sikes.[1]

Separately, the Court would like to reiterate that our examination of the merits of the case is limited to review under the motion to dismiss standard. As such, we find for purposes of a motion to dismiss, Plaintiff's dental issues constitute an objectively "serious medical need" for Section 1983 deliberate indifference purposes. Farrow v. West, 320 F.3d 1235, 1243-44 (11th Cir. 2003). Plaintiff contends that due to his two cavities he is experiencing consistent, daily and ongoing hot and cold flashes in his mouth, and that every time he eats or drinks anything he is in excruciating lingering pain and he is experiencing ongoing headaches.[2] However, according to the temporary dentist that saw him on June 15, 2005, Plaintiff did not have an emergency condition that required his cavities to be filled immediately. Because we are viewing the facts

---

[1] Defendants contend, assuming arguendo that Plaintiff's claims survive the motion to dismiss, nonetheless dismissal is appropriate because they are entitled to qualified immunity. We concur with the Magistrate Judge's conclusion that Defendant Gramiack is not entitled to qualified immunity, and we find the same conclusion is equally applicable to Defendant Sikes. See Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990) (holding defendants were not entitled to qualified immunity when the defendants were notified of the prisoner's claim that he was exposed to asbestos in his dormitory but still ignored his request for moving to different living quarters).

[2] Plaintiff alleges he was diagnosed with his two cavities in May 2004, and thereafter has made unavailing requests to Montgomery State Prison personnel for the treatment of his dental needs.

in the light most favorable to Plaintiff, and making all reasonable inferences in his favor, Maolud's medical condition could constitute a "serious medical need."

In Farrow, the Eleventh Circuit found that dental issues could constitute a "serious medical need" sufficient to state a claim of deliberate medical indifference under Section 1983. Farrow, 320 F.3d 1244. Proceeding cautiously, the Court explained that merely having dental issues does not per se constitute a serious medical need in each case. "We are not saying that merely having few or no teeth and a definite need for dentures per se constitutes a serious medical need in each case. But in Farrow's case, the evidence shows pain, continual bleeding and swollen gums, two remaining teeth slicing into gums, weight loss, and such continuing medical problems, establishing a serious medical need." Farrow, 320 F.3d 1244-45.

Therefore, Defendants' motion to dismiss (doc. 11) is **DENIED IN PART** and the claims against Defendant Sikes and Gramiack may proceed. Defendants' motion to dismiss is **GRANTED IN PART** and Defendants Pryor, and Newsome are **DISMISSED**. Defendant Doe is **DISMISSED** without prejudice for failure to timely effect service and Plaintiff's motion to name Defendant Doe at the end of the discovery period is **DENIED**. (Doc. no. 19).

SO ORDERED this 24th day of September, 2007.

JOHN F. NANGLE
UNITED STATES DISTRICT JUDGE

-4-